UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL MONTE RIVERA,

    Plaintiff,

v.                                                                     CASE NO. 8:24-cv-2630-SDM-LSG

MANATEE COUNTY JAIL, *et al.*,

    Defendants.
_____/

**ORDER**

    Rivera's complaint alleges that medical malpractice by doctors in the Manatee Memorial Hospital violated his civil rights. Rivera neither moves for leave to proceed *in forma pauperis* nor pays the full $405 filing fee. Nevertheless, under either 28 U.S.C. § 1915(e) (if proceeding *in forma pauperis*) or 28 U.S.C. § 1915A (if the full filing fee is paid), a district court must both review and dismiss the complaint if the complaint "is frivolous or malicious or for failing to state a claim upon "which relief may be granted." Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit.

    Rivera alleges that, while detained in the Manatee County jail, sheriff's office personnel transported him to the Manatee Memorial Hospital emergency room to treat a ruptured hernia. After both the surgery and an undisclosed number of days, Rivera was returned to the medical unit in the jail. Several days later he experienced

complications and was treated in the medical unit in the jail, but ultimately Rivera was returned to the Manatee Memorial Hospital for additional surgery. Rivera alleges that he was later examined by a third doctor at a different medical facility who had to repair both the initial, improperly repaired hernia and a second hernia. Rivera alleges that "someone at the Hospital has made a grave mistake" and that he is "bringing a civil lawsuit under Fla. Stat. Ann. § 95.11(4)(b) (1995) [against] the Manatee Memorial Hospital for . . . monetary damages . . . based on negligence and malpractice." (Doc. 1 at 3 and 4–5) Rivera asserts no claim based on the medical treatment he received in the jail.

Rivera cannot proceed with a civil rights action against the Manatee Memorial Hospital because the complaint fails to allege facts showing that the defendant acted under color of state law — the hospital is a private entity, not a governmental entity. *See generally Dennis v. Sparks*, 449 U.S. 24 (1980). "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co.*, Inc., 457 U.S. 922, 936 (1982) (*quoting Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). The Fourteenth Amendment offers no protection against private conduct, no matter how wrongful, outrageous, or discriminatory. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974).

Also, Rivera alleges that either negligence or medical malpractice caused his injury. Rivera's claim is insufficient because negligence is not actionable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (holding that plaintiff

must allege more than negligence to state a claim under Section 1983); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (holding that alleged negligent failure of prison official to protect one inmate from another inmate states no claim under Section 1983); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that neither an accident nor a defendant's negligence is sufficient to state a claim).

As shown above, Rivera fails to state a claim for relief. Amendment of the action would prove futile because Rivera can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted. The clerk must enter a judgment of dismissal against Rivera and **CLOSE** this case.

ORDERED in Tampa, Florida, on December 23, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE